### 12155

#### GREER *ET AL.* v. GREER *ET AL.*

##### (136 S. E., 742)

WILLS—UNDER WILL GIVING PROPERTY TO TESTATOR'S "NEPHEWS AND NIECES AND HALF-SISTERS," NEPHEWS AND NIECES OF THE HALF BLOOD, CHILDREN OF THE HALF-SISTER, WERE NOT ENTITLED TO TAKE (CIV. CODE 1922, § 5327, SUBD. 4).—Under will giving residue of testator's propery "to my nephews and nieces and my half-sisters," nephews and nieces of the half blood, children of testator's half-sisters, were not entitled to take with the others, in view of obvious intent to place nephews and nieces of the whole blood and half-sisters on an equal basis, and in view of Civ. Code 1922, § 5327, subd. 4.

Before BONHAM, J., Anderson, 1925. Affirmed.

Action by Benjamin H. Greer and another, individually and as executors of the will of George M. Greer, deceased, and A. F. Mattison, as executor of the will of George M. Greer, deceased, against Agnes H. Greer, Charles E. Cobb, and others, for construction of a will. From a decree construing will, second named defendant and others appeal.

The decree is not set forth in full for the reason that it is very voluminous and covers numerous questions not involved in this appeal, and both respondents and appellants agree that everything in said decree, relevant to the questions of this appeal, are set forth herein. The decree, omitting irrelevant portion, is as follows:

"Do the nephews and nieces of the half blood take along with the nephews and nieces (of the whole blood) and the sisters of the half blood, under the provisions of Section 8 of the will?

"Following is the pertinent part of the paragraph, 'I give, devise and bequeath after the payment of the above legacies, all the rest and residue of my property to my nephews and nieces and my half-sisters, Mrs. Lizzie Cobb and Mrs. E. P. Satterfield, each of my nephews and nieces and half-sisters taking an equal share, etc.' It was stated in argument, and admitted, that the only nephews and nieces of the half blood which testator had are the children of the two half-sisters, viz., Mrs. Lizzie Cobb and Mrs. E. P. Satterfield. It was the clear intent of the testator by this provision of his will to put his nephews and nieces on equality with his half-sisters; this purpose would be defeated if the children of these half-sisters were allowed to come in and share with them and the nephews and nieces of the whole blood. The statute for the distribution of intestate estates in this State does not recognize the claim of kindred of the half blood as long as there are any of the whole blood, who can take. Subdivision 4 of Section 5327, Volume 3, Code

1922, provides that: 'If the intestate shall leave no child or other lineal descendant, father, mother, brother or sister of the whole blood, but shall leave a widow and a brother or sister of the half blood, and a child or children of a brother or sister of the whole blood, the widow shall take one moiety of the estate, and the other moiety shall be equally divided between the brothers and sisters of the half blood, and the children of the brothers and sisters of the whole blood, the children of every deceased brother and sister of the whole blood taking among them a share equal to the share of a brother or sister of the half blood.' If the testator had died intestate, leaving heirs at law answering to the above description, the children of the living half-sisters would take nothing. *Felder v. Felder,* 5 Rich. Eq., 500. *Ex Parte Mays,* 2 Rich., 61. The question is not controlled by this citation from the statute, but it may be safely used to show the relative standing in law of the various parties. The use of the words, 'my half-sisters,' seems to indicate the intention of the testator that the *residuum* of his estate should be equally divided among his nephews and nieces of the whole blood and his two half-sisters, each taking an equal share. If the children of these two half-sisters are let in it would upset the testator's plan of distribution.

"The terms nephews and nieces ordinarily include those of the half blood unless there is something in the context of the instrument to show a contrary intention. The testator uses the words, 'my half-sister.' If he intended that nephews and nieces of the half blood should take, it seems that he would have said so in this connection and while his mind was fixed on this difference of relationship."

*Mr. A. H. Dagnall,* for appellants, cites: *"Nieces and nephews" include those of half-blood:* 40 Cyc., 1453; 2 Jarman on Wills, 700; 2 Schouler on Wills, 6th Ed., 1164. *Rules of construction to be employed only when meaning*

*of words doubtful:* 128 S. E., 422; 129 S. C., 333; 102 S. C., 7; 18 S. C. Eq., 400; 28 R. C. L., 205; 2 Schouler on Wills, 942 and 972. *Legacy of deceased half-sister lapses:* 56 S. C., 7; Civ. Code, 1922, Sec. 5346. *Where expression of intention of testator ambiguous:* 40 Cyc., 1411. *In construction of will testator presumed to know the law:* 2 Schouler on Wills, 966. *Object of judicial construction of will:* 113 S. C., 419; 18 S. C. Eq., 396; 28 R. C. L., 233. *Words of will to be given ordinary meaning in absence of intent of testator to use them otherwise:* 104 S. C., 95; 2 Schouler on Wills, 984.

*Mr. Thomas Allen,* for respondents, cites: *Statute of descent and distribution:* Civ. Code, 1922, Sec. 5327. *Heir at law disinherited only by express devise or necessary implication:* 2 Jarman on Wills, 112. *Children of brothers of half blood do not take per stirpes under statute of descent and distribution:* 5 Rich. Eq., 509; 2 Rich. Eq., 61.

February 16, 1927.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The conclusion of the Circuit Judge is approved, and the decree affirmed.

MR. CHIEF JUSTICE WATTS, MESSRS. JUSTICES BLEASE and STABLER, and MR. ACTING ASSOCIATE JUSTICE C. J. RAMAGE concur.